## HUDSON v. GIBBONS.

Supreme Court. Sussex. March, 1799.

*Bayard's Notebook, 242.*

PER CURIAM. We consider that parol evidence is not competent to prove Postly a justice of the peace in Maryland. His acting as a justice of the peace in Maryland cannot be allowed as proof of the fact that he was duly empowered. The party might produce better evidence, and such evidence in this case we are bound to require. We do not conceive that justices abroad and at home stand upon the same footing. We take notice of the laws of the state; under those laws our justices are appointed and act, and exercising their offices under the same government,

we may here take notice of them without further proof of their being officers than the fact of their exercising the office. We can judicially take notice of nothing out of the state which is not regularly proved. We might be as well acquainted with the laws of Maryland as of this state, and yet if the objection were made, we should be obliged to require proof on the subject according to the common rules of evidence. The evidence is not admissible for the purpose for which it was offered.

The exceptionable parts of the depositions were not read.